UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FAIRCLOTH,<br>   Plaintiff,<br> v.<br>AR RESOURCES, INC.,<br>   Defendant. | Case No. 19-cv-05830-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 21 |

## I. INTRODUCTION

Plaintiff James Faircloth brings this action against Defendant AR Resources, Inc., for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. The Court held a hearing on February 14, 2020, at which Plaintiff's counsel did not appear. The hearing was continued to February 28, 2020. The Court now finds the motion suitable for resolution without oral argument and VACATES that hearing, although the case management conference set for the same time remains on calendar. For the reasons stated below, the motion is GRANTED with leave to amend, and Plaintiff is further ORDERED TO SHOW CAUSE on February 28, 2020 at 2:00 PM why the case should not be dismissed for failure to prosecute and failure to appear at the hearing.[1]

## II. ORDER TO SHOW CAUSE

Pursuant to the Court's January 8, 2020 order on the parties' stipulation to continue, the

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

1  initial case management conference and the hearing on Defendant's present motion were set for 2:00 PM on February 14, 2020. Dkt. 26. Defense counsel appeared in person. Plaintiff's counsel requested and received leave to appear by telephone, dkt. 28, but failed to do so. Plaintiff is therefore ORDERED to appear through counsel on February 28, 2020 at 2:00 PM in Courtroom F and SHOW CAUSE why this case should not be dismissed for failure to prosecute and failure to appear as ordered.

### III. BACKGROUND

#### A. The Complaint and FAC

Plaintiff is a "debtor" and "consumer" who resides in Contra Costa County, California. First Amended Complaint ("FAC," dkt. 14) ¶ 2 (citing Cal. Civ. Code § 1788.2(h); 15 U.S.C. § 1681a). Defendant is a "debt collector" assigned to collect Plaintiff's "consumer debt." *Id*. ¶ 3 (citing Cal Civ Code § 1788.2(c), (d)). The FAC also names ten Doe Defendants, whose names "are currently unknown to Plaintiff" but who Plaintiff alleges are "legally responsible for the unlawful acts alleged herein." *Id*. ¶ 5.

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (the "RFDCPA"), "in multiple ways, including but not limited to falsely representing the character, amount, or legal status of Plaintiff's debt by reporting to Plaintiff's consumer credit report without notifying Plaintiff." FAC ¶ 13 (citing § 1692e(2)(A)). In his original complaint, Notice of Removal (dkt. 1) Ex. A, Plaintiff also asserted a claim under the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25 *et seq*. ("CCRAA") which was erroneously omitted from the FAC. *See* Opp'n (dkt. 23) at 1 n.1 (acknowledging "an error in the First Amended Complaint" and noting Plaintiff's intent to amend the FAC to include a CCRAA claim).

Plaintiff filed a complaint in Contra Costa Superior Court on August 15, 2019. Notice of Removal Ex. A at 7. Defendant removed the case to this Court on September 18, 2019 under 28 U.S.C. §§ 1331 and 1441(a). *Id*. at 1. Defendant filed a motion to dismiss the complaint on October 16, 2019. Dkt. 10. Plaintiff did not oppose the motion but filed the FAC on November

12, 2019. Dkt. 14. The Court denied Defendant's motion to dismiss the original Complaint as moot. Dkt. 16.

According to the FAC, Plaintiff incurred a medical bill from San Ramon Regional Medical Center on January 10, 2018. FAC ¶ 8. Plaintiff's insurance paid $975.80 of the $1026.00 bill on March 21, 2018, leaving Plaintiff responsible for paying $50.20. *Id*. Plaintiff alleges that he received a notice from Defendant on July 14, 2018, dated July 2, 2018, informing him that Defendant was a debt collector trying to collect the $50.20 debt. *Id*. ¶ 10; *see also* Mot. (dkt. 21) Ex. A (copy of the July 2018 letter).[2] It read in part:

> Please be advised that our client is a credit reporting client. Your credit report may have a negative impact if we do not hear from you.
>
> **Unless you notify this office within 30 days from receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid.**

Mot. Ex. A. However, Plaintiff alleges that Defendant had already reported the debt to credit agencies on June 21, 2018, before it sent the letter. FAC ¶ 9. Plaintiff also alleges that "the information Defendant reported is misleading and false, including, but not limited to the age of the debt, the status of the account as 'Open' and the date of last payment." *Id*.

Plaintiff sent a letter disputing the account on July 16, 2018 and received a response from Defendant on September 21, 2018. *Id*. ¶ 11. He filed suit in Contra Costa Superior Court on August 15, 2019. Notice of Removal Ex. A at 7. "Due to Defendant's practice of failing to provide notice before reporting false and/or derogatory information to Plaintiff's consumer credit report," Plaintiff claims, "Plaintiff did not discover the derogatory information until some time after Plaintiff's dispute with Defendant." FAC ¶ 11. Plaintiff alleges that Defendant's conduct

---

[2] The Court may consider this letter under the incorporation by reference doctrine. *See United States v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). The wording of the letter forms the basis of Plaintiff's claim that Defendant "fail[ed] to notify Plaintiff of derogatory reporting prior to reporting derogatory information to Plaintiff's consumer credit report," FAC ¶ 12, and "falsely representing the character, amount, or legal status of Plaintiff's debt by reporting to Plaintiff's consumer credit report without notifying Plaintiff," *id*. ¶ 13. Plaintiff does not contest the inclusion of the letter.

3

"violated the RFDCPA and FDCPA in multiple ways, including but not limited to falsely representing the character, amount, or legal status of Plaintiff's debt by reporting to Plaintiff's consumer credit report without notifying Plaintiff." *Id*. ¶ 13 (citing 15 U.S.C. § 1692e(2)(A)).

Plaintiff also alleges that:

> Defendant violated . . . sections of the CCRA [sic] by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):
>
> a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
>
> b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

*Id*. ¶ 22.

Plaintiff claims that, through those violations, Defendant caused Plaintiff to suffer "emotional distress and mental anguish" as well as a "[d]ecreased credit score." *Id*. ¶ 19.

### B. Defendant's Motion to Dismiss

Defendant filed a motion to dismiss Plaintiff's FAC on November 26, 2019. Dkt. 21. Defendant contends that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court should dismiss the FAC because Plaintiff's claims are untimely and because Plaintiff has not pleaded facts in the FAC that support his claims under the FDCPA and the RFDCPA. Mot. at 2–3.

#### 1. Untimeliness

In its motion to dismiss, Defendant first argues that Plaintiff's claims are barred because they are untimely. Mot. at 6–7. Claims brought under the FDCPA and the RFDCPA, Defendant says, must be brought within a year of the alleged violation. *Id*. at 6 (citing 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f)). Defendant contends that even if the Court accepts the latest possible date as the occurrence of the violation (Plaintiff's July 14, 2018 receipt of the letter), Plaintiff's claim is still time-barred because he did not file the original complaint until August 15, 2019, more than a year after receiving the letter. *Id*. at 8; *see also* Notice of Removal at 1 (listing the date of filing for the original complaint in Contra Costa Superior Court).

4

Defendant argues that the "discovery rule," or the common law rule that the statute of limitations begins to run when the plaintiff discovers the violation rather when the violation occurs, does not apply to Plaintiff because Plaintiff was not "diligent in discovering the critical facts underlying his claims." Mot. at 6 (citing *Laforge v. Richland Holdings, Inc.*, No. 2:17-CV-00782-APG-VCF, 2018 WL 525298, at *4 (D. Nev. Jan. 23, 2018)). Defendant also argues that the language of the July letter undermines Plaintiff's claim that he diligently pursued his rights in this action because "even if the Court assumes as true that Defendant began reporting the account to the consumer reporting agencies on June 21, 2018 without first notifying Plaintiff, he knew all the facts regarding his 'failure to warn' claim no later than July 14, 2018." *Id*. at 8.

Plaintiff disputes Defendant's assessment of the timing of the action. He argues that Defendant continued communicating with Plaintiff "through September 2018. . . . Thus, the claims did not fully accrue until Defendant responded to Plaintiff's request for verification on September 21, 2018." Opp'n at 5; *see also* FAC ¶ 12 (describing Defendant's conduct as "not 'discrete acts'" but as "a pattern of conduct").

In its reply, Defendant points to the Supreme Court's recent decision in *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019).[3] Reply (dkt. 23) at 1. In *Rotkiske*, the Court held that the "language [of 15 U.S.C. § 1692k, the FDCPA's statute of limitations section,] unambiguously sets the date of the violation as the event that starts the one-year limitations period" and that the discovery rule does not apply to FDCPA claims. 140 S. Ct. at 360. Defendant reasserts its claim that the "event" was Defendant's reporting the debt to credit agencies, which Plaintiff alleges happened on June 21, 2018. *Id*. at 2. Because the original complaint was filed on August 15, 2019, and the discovery rule does not apply under *Rotkiske*, Defendant contends that Plaintiff's action is time-barred.

Plaintiff argues that the violation did not occur until September 21, 2018, when he received a response from Defendant. Opp'n at 5. He references the doctrine of equitable tolling, which would mean "'the bar of the statute does not begin to run'" until Plaintiff discovered the "fraud" by which Defendant concealed information from him. Opp'n at 5 (quoting *Holmberg v.*

---

[3] The Supreme Court decided *Rotkiske* on December 10, 2019, the same day Plaintiff filed his opposition brief.

5

*Armbrecht*, 327 U.S. 392, 397 (1946)).

In response, Defendant contends that Plaintiff has not and cannot assert the facts required to claim that equitable tolling applies to his claims. Reply at 3. Defendant argues that Plaintiff has not shown that Defendant fraudulently concealed its conduct from him, which he must show to receive the benefit of equitable tolling. *Id*. (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991)). Defendant claims that the FAC does not allege fraudulent conduct and that, given the language of the July letter, no fraud was committed. *Id*. Defendant further claims, "Plaintiff also cannot truthfully allege that he acted diligently" because the letter informed Plaintiff in July that Defendant was debt collector who reported to credit agencies. *Id*. at 3–4. Defendant argues that Plaintiff could have gotten information vital to his claim by requesting his credit report, which Defendant infers he did not do. *Id*. at 4. This failure, Defendant contends, undermines Plaintiff's claim that he acted diligently and, by extension, his claim to equitable tolling.

Defendant further argues that Plaintiff cannot state a claim based on the continuing violation doctrine because "[c]ourts routinely refuse to apply the doctrine to FDCPA claims." Mot. at 8 n.9 (citing *Agnir v. Gryphon Sols., LLC*, No. 12-CV-04470-LHK, 2013 WL 4082974, at *9 (N.D. Cal. Aug. 9, 2013); *Sosa v. Utah Loan Serv.*, *LLC*, No. 13-CV-364-W (KSC), 2014 WL 173522, at *5 (S.D. Cal. Jan. 10, 2014)). Defendant claims that Plaintiff's "reference in the FAC to Defendant's 'other violations' that supposedly occurred within a year of the filing of the Complaint is the type of conclusory allegation that is not entitled to the assumption of truth." *Id*. at 9 n.9.

### 2. Failure to State a Claim

In addition to the timeliness issue, Defendant argues that the factual allegations in the FAC are not enough to bring an action under the FDCPA or the RFDCPA. Mot. at 9. According to Defendant, Plaintiff failed to plead facts establishing that Defendant's report was inaccurate. *Id*. Defendant argues that the FAC does not claim that Plaintiff paid his debt, does not dispute that Plaintiff received services, does not dispute the debt, and does not allege any other inaccuracies in the letter from the Defendant, such as "age of the debt" or "date of last payment." *Id*. Without

these facts, Defendant claims, Plaintiff cannot state a claim upon which relief can be granted. *Id.* (citing *Finley v. TransUnion*, No. 17-CV-07165-HSG, 2019 WL 935138, at *4 (N.D. Cal. Feb. 26, 2019). Finally, Defendant claims that Plaintiff has not alleged any false representation from Defendant regarding the "character, amount or legal status" of his debt. Mot. at 9. Defendant argues that "alleged **failure** to communicate, by definition, cannot be a false **representation** about the account." *Id.* at 9–10 (emphasis in original). Without such an allegation, Defendant contends, Plaintiff has not stated a claim under the FDCPA, the RFDCPA, or the CCRAA. *Id.*

Plaintiff responds by pointing to the language of the letter he received from Defendant on July 2, 2018. Because the letter read "[y]our credit report may have a negative impact *if* we do not hear from you" when Defendant had already reported the debt, Plaintiff says, the FAC states a claim that Defendant misled him. Opp'n at 3 (emphasis added in original). He contends that all he must plead at this stage is that Defendant engaged in deceptive, fraudulent, or unfair conduct, which is a question of fact. *Id.* at 5 (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact that is not appropriate for resolution on the pleadings.")). He argues that this Court should give deference to opinions of the Federal Trade Commission, the agency that enforces the FDCPA, although he does not cite specific rules or opinions from the FTC. *Id.* at 3–4 (citing 15 U.S.C. § 1692l(c); *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007); *Chevron USA Inc. v. Nat. Res. Def. Council*, 467 U.S. 837, 843 (1984)). He claims that sending the letters like the one he received from Defendant "take[s] advantage of debtors' unsophisticated position and is, thus, unfair and unconscionable in violation of Section 1692(f)." *Id.* at 4 (citing *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014)).

Defendant reiterates in its reply that Plaintiff has not alleged fraud and that the content of the July letter undermines any claim of fraudulent conduct by Defendant. Reply at 3–4.

**IV. ANALYSIS**

    **A. Legal Standard**

        **1. Legal Standard Under Rule 12(b)(6)**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure

for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### 2. Legal Standard Under the FDCPA

The FDCPA prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). "Whether conduct violates [§ 1692e] . . . requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely

8

be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)). "In this circuit, a debt collector's liability under § 1692e . . . is an issue of law." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)). Both the FTC and private litigants may bring claims under the FDCPA. *Id.* (citing 15 U.S.C. § 1692*l*; *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)). 15 U.S.C. § 1692f prohibits using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. If successful, plaintiffs may recover actual damages, statutory damages, and attorney's fees and costs. 15 U.S.C. § 1692k(a).

The timing of FDCPA claims is governed by 15 U.S.C. § 1692k(d), which requires that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs**." (emphasis added). "[A]bsent the application of an equitable doctrine, the statute of limitations in [15 U.S.C.] § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske*, 140 S. Ct. at 357.

### 3. Legal Standard Under the RFDCPA

California's RFDCPA provides that "every debt collector collecting or attempting to collect a consumer debt [must] comply with the provisions of [the FDCPA, 15 U.S.C. §§] 1692b to 1692j." Cal. Civ. Code § 1788.17. It functions as a "state version of the FDCPA." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788 *et seq.*). Actions must be brought "within one year from the date of the occurrence of the violation." Cal. Civ. Code § 1788.30(f). "The [RFDCPA] specifically provides that its remedies are intended to be 'cumulative and . . . in addition to any other . . . remedies under any other provision of law.'" *Gonzales*, 660 F.3d at 1067 (quoting Cal. Civ. Code § 1788.32). A claimant may recover under both the FDCPA and the RFDCPA. *Id.* at 1068.

### 4. Legal Standard Under the CCRAA

California's CCRAA provides "[a] person shall not furnish information on a specific

9

transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Information is incomplete or inaccurate when it is "obviously wrong or missing crucial data" or when it "contain[s] information that is materially misleading." *Huizar v. Wells Fargo Bank, N.A.*, 257 F. Supp. 3d 1103, 1108 (E.D. Cal. 2017) (internal quotation marks omitted) (quoting *Kuns v. Ocwen Loan Servicing*, LLC, 611 F.App'x 398, 400 (9th Cir. 2015)). Claims brought under § 1785.25(a) are not preempted by the federal Fair Credit Reporting Act. *Id*. (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1173 (9th Cir. 2009)); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("The FCRA provides that '[n]o requirement or prohibition may be imposed under the laws of any State . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies.' Nevertheless, it expressly saves from preemption 'section 1785.25(a) of the California Civil Code.'" (omission in original) (quoting 15 U.S.C. § 1681t(b)(1)(F), (F)(ii))).

### B. Plaintiff's Claims Are Time-Barred

In light of the Supreme Court's ruling in *Rotkiske*, 140 S. Ct. 355, the discovery rule does not apply to claims brought under the FDCPA. The Court is persuaded by the Supreme Court's reasoning as to that statute and holds that the plain language of the RFDCPA forecloses the discovery rule as well. In addition, the doctrine of equitable tolling does not apply. The Court GRANTS Defendant's motion to dismiss with leave to amend on the grounds that Plaintiff's claim is time-barred.

#### 1. The Discovery Rule Does Not Apply to the FDCPA

Defendant claims that the FAC should be dismissed because claims brought under the FDCPA and the RFDCPA must be filed no later than one year from the date of the alleged violation. Reply at 2. It points to the Supreme Court's recent decision in *Rotkiske*, 140 S. Ct. 355, which was decided after Plaintiff filed his opposition.

In *Rotkiske*, the Supreme Court considered whether the discovery rule applies to claims brought under the FDCPA. The Court found that it did not: "absent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged

10

1 FDCPA violation occurs, not the date on which the violation is discovered." 140 S. Ct. at 357.

2 Section 1692k(d) of the FDCPA reads: "An action to enforce any liability created by this

3 subchapter may be brought in any appropriate United States district court without regard to the

4 amount in controversy, or in any other court of competent jurisdiction, within one year from the

5 date on which the violation occurs." All nine Justices agreed that the plain language of the statute

6 indicates that the discovery rule does not apply to claims brought under the FDCPA. *Id.* at 357;

7 362 (Sotomayor, J., concurring); *id.* (Ginsburg, J., dissenting from the opinion in part and from the

8 judgment).

9 Plaintiff claims that the offense began when Defendant reported the debt on June 21, 2018.
Resolving all ambiguities in the light most favorable to Plaintiff, the FDCPA offense occurred on
July 14, 2018, when Plaintiff received the letter. FAC ¶¶ 9–10. Under § 1692k(d), then, Plaintiff
must have filed the original Complaint on or before July 14, 2019, a year from the date of the
offense. Plaintiff does not specifically identify any other offenses, nor does he allege that
Defendant's September 21, 2018 communication violated the FDCPA. *See* FAC ¶ 11–12.
Because Plaintiff did not file the Complaint before that date, the only way he can bring his claim
under the FDCPA based on the July 2018 letter is through the application of an equitable
exception to the statute of limitations.

### 2. The Discovery Rule Does Not Apply to the RFDCPA

Federal courts in this circuit reviewing claims brought under both the FDCPA and the
RFDCPA have addressed the issue of timeliness under both statutes simultaneously. *See, e.g.*,
*Norton v. LVNV Funding*, 396 F. Supp. 3d 901, 912 (N.D. Cal. 2019); *Kottle v. Law Offices of
Patenaude & Felix A.P.C*, No. 13-CV-161-H-BGS, 2013 WL 12075974, at *2 (S.D. Cal. May 16,
2013); *Taymuree v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 16-CV-06138-YGR, 2017 WL
952962, at *2 (N.D. Cal. Mar. 13, 2017). Courts in California treat the RFDCPA as the FDCPA's
"Califonia state counterpart." *Cavalry SPV I, LLC v. Watkins*, 36 Cal. App. 5th 1070, 1084 n.7
(Ct. App. 2019), review denied (Oct. 16, 2019) (citing *Davidson v. Seterus, Inc.* 21 Cal. App.5th
283, 295 (2018)); *see also Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 36
(2015) ("[T]he viability of most of plaintiffs' letter-based claims . . . boils down to whether

plaintiffs can state a claim under the FDCPA. That is because the Rosenthal Act, among other things, explicitly incorporates the FDCPA's standards."). However, the two statutes are not identical. *See Citibank, N.A. v. MacDonald,* No. H042010, 2017 WL 2812923, at *8 (Cal. Ct. App. June 29, 2017) ("The [RFDCPA] does not exactly mirror the FDCPA. It contains its own definition of debt collector.") (internal quotation marks omitted) (citing Cal. Civ. Code § 1788.2(c)).

While the California Supreme Court has not addressed whether the discovery rule is applicable to claims brought under the RFDCPA, the court has applied the discovery rule in other contexts, such as the UCL. *See Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1193 (2013). In California, "[a] statute will be construed in light of common law decisions, unless its language clearly and unequivocally discloses an intention to depart from, alter, or abrogate the common-law rule concerning a particular subject matter." *People v. Zikorus*, 150 Cal. App. 3d 324, 330 (1983) (internal quotation marks omitted) (quoting *Li v. Yellow Cab Co.*, 13 Cal. 3d 804, 815 (1975)).

The language of the RFDCPA's timeliness section is similar to the language the Supreme Court found made the discovery rule inapplicable to the FDCPA. *Compare* Cal. Civ. Code § 1788.30(f) ("Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, **within one year from the date of the occurrence of the violation**.") (emphasis added) *with* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs**.") (emphasis added). The California Supreme Court has not considered whether the language of the RFDCPA is unambiguous enough to justify supplanting the discovery rule. This Court is persuaded by the reasoning of the Supreme Court in *Rotkiske* that the language of the statute unambiguously gives claimants a year from the occurrence of the violation to bring their claims. Because of the similarities between the language in the FDCPA and the RFDCPA, and because of California state courts generally treat the RFDCPA as a state version of the FDCPA, the Court holds that the discovery rule does not apply to the RFDCPA.

### 3. Plaintiff Has Not Shown He Is Entitled to Equitable Tolling

Plaintiff further argues that the Court should not dismiss his claims as untimely because of the doctrine of equitable tolling. Opp'n at 4–5. When the Supreme Court held that the discovery rule did not apply to claims brought under the FDCPA, the Court left open the possibility that equitable doctrines could still apply. *Rotkiske*, 140 S. Ct. at 357. The party seeking equitable tolling bears the burden of showing that they are entitled to it. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Plaintiff has not established that he pursued his rights diligently, so he cannot assert equitable tolling to excuse his untimely filing.

To invoke the doctrine of equitable tolling, a party must allege that "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045–46 (9th Cir. 2011). There are steps Plaintiff could have taken to find out the information he sought from Defendant before September, such as obtaining a copy of his credit report. In addition, the FAC does not allege that Plaintiff resorted to other means of communicating with Defendant that may have gotten him the information he needed more quickly than mail, such as calling one of Defendant's representatives. *See* Mot. Ex. A ("If you . . . have any questions, please contact a representative toll-free at 866-843-8862."). If Plaintiff had been diligently pursuing his rights, he would have taken at least one of those actions.

Because the FAC does not plead facts showing that he pursued his rights diligently, Plaintiff is not entitled to the benefit of equitable tolling, and Defendant's motion to dismiss is GRANTED. Because it is possible that Plaintiff could allege facts supporting this or some other tolling doctrine, however, or a separate violation of the FDCPA or RFDCPA within the statute of limitations, the Court grants Plaintiff leave to amend.

### 4. Plaintiff Has Not Stated a Claim Upon Which Relief Can Be Granted

Defendant also argues that Plaintiff's claim is "based entirely on vague and conclusory

13

allegations that Defendant inaccurately reported the 'age of the debt, the status of the account as 'Open' and the date of last payment.'" Mot. at 2. Plaintiff's claims are based on the allegation that Defendant "falsely represent[ed] the character, amount, or legal status of Plaintiff's debt by reporting to Plaintiff's consumer credit report without notifying Plaintiff." He also alleges that "Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to Trans Union." FAC ¶¶ 14–15. This allegation contains two parts: the claim that Defendant reported incorrect information about Plaintiff's debt and the claim that the language of the notice incorrectly implied that Defendant had not reported the debt to credit agencies. *Id*. ¶¶ 9–10. Neither of these allegations states a claim under the FDCPA or the RFDCPA.

Plaintiff first claims that "[a]t various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint Defendant reported false and derogatory information on Plaintiff's credit report alleging a fabricated debt."[4] FAC ¶ 7. However, Plaintiff does not allege that any of the information Defendant reported was false. He does not allege that he paid the debt, and he admits to receiving the services at San Ramon Regional Medical Center and incurring a $50.20 outstanding debt. *Id*. Without that information, the allegation that the debt is "fabricated" is the type of "'naked assertion[]' devoid of 'further factual enhancement'" that *Iqbal* finds inadequate at the pleading stage. 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In addition, the allegation that Defendant's letter incorrectly implied that it had not reported the debt to credit agencies is not a statement about "the character, amount, or legal status of any debt." Plaintiff alleges that Defendant violated § 1692e(2)(A), which prohibits "[t]he false

---

[4] The FAC briefly mentions the continuing violations doctrine: "Plaintiff alleges Defendant's conduct in failing to notify Plaintiff of derogatory reporting prior to reporting derogatory information to Plaintiff's consumer credit report, along with Defendant's other violations as described herein are not 'discrete acts' but rather amount to a pattern of conduct warranting application of continuing violation doctrine." FAC ¶ 12. However, Plaintiff does not specify what the "other violations" were. Without specific allegations, Plaintiff's assertion that the continuing violation doctrine applies to him is too vague and conclusory to survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiff does not pursue this in his opposition brief.

14

representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). "Cases interpreting the 'character' or 'legal status' components of § 1692e(2)(A) illustrate that those elements typically address whether the debt itself is collectable." *Heffington v. Gordon, Aylworth & Tami, P.C.*, No. 3:16-CV-02079-AC, 2018 WL 3763799, at *5 (D. Or. Aug. 8, 2018) (listing cases). The FAC does not allege that Defendant misrepresented whether Plaintiff's debt was collectable, nor does it dispute the amount of the debt. Setting aside the conclusory assertion that the debt was "fabricated," FAC at ¶ 11, what Plaintiff does allege—misrepresentations about reporting to credit agencies—does not fall within the ambit of § 1692e(2)(A) and the debt's "character, amount, or legal status." Accordingly, under the facts alleged in the FAC, Plaintiff has not stated a claim under § 1692e(2)(A) or its parallel in the RFDCPA. That failure is separate and sufficient basis for dismissal, distinct from the untimeliness of Plaintiff's claims addressed above, but could also perhaps be cured by amendment.

### C. Plaintiff Did Not Include a CCRAA Claim in His FAC

The FAC does not include a claim under the CCRAA, Cal. Civ. Code § 1785.25(a). Plaintiff raises his CCRAA claim in his opposition to Defendant's motion to dismiss the FAC, Opp'n at 1 n.1, but stating a party's intent to raise a claim in a brief is not a substitute for actually asserting such a claim in a complaint. Plaintiff may raise his CCRAA claim in a second amended complaint.

### V. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiff's first amended complaint is GRANTED with leave to amend, and Plaintiff is ORDERED TO SHOW CAUSE why the case should not be dismissed for failure to prosecute. The Court will set a deadline for Plaintiff's second amended complaint at the order to show cause hearing and initial case management conference on February 28, 2020.

**IT IS SO ORDERED.**

Dated: February 19, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

15