UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FAIRCLOTH,<br><br>            Plaintiff,<br><br>    v.<br><br>AR RESOURCES, INC.,<br><br>            Defendant. | Case No.  19-cv-05830-JCS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff James Faircloth originally brought this action in the California Superior Court for Contra Costa County, where it was assigned case number L19-5208, asserting federal claims under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), as well as state law claims under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"). Defendant AR Resources, Inc. removed to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. In response to AR Resource's first motion to dismiss, Faircloth filed a first amended complaint, omitting his FCRA claim and inadvertently omitting his CCRAA claim. The Court granted a subsequent motion by AR Resources to dismiss the remaining FDCPA and RFDCPA claims with leave to amend, and also allowed Faircloth to reassert his CCRAA claim in his second amended complaint. *See* Order Granting Mot. to Dismiss (dkt. 32).[1] Faircloth has now filed a second amended complaint asserting *only* a claim under the CCRAA, *see* 2d Am. Compl. (dkt. 35), and AR Resources moves to dismiss solely on the basis that Faircloth's claim is preempted by the FCRA, *see* Mot. (dkt. 41). Neither Faircloth's present complaint nor AR Resources' present motion addresses the issue of subject matter jurisdiction.

---

[1] *Faircloth v. AR Res., Inc.*, No. 19-cv-05830-JCS, 2020 WL 820307 (N.D. Cal. Feb. 19, 2020).

Faircloth's only remaining claim is asserted under state law, and there is no indication that either the diversity of citizenship or the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. The Court therefore likely has jurisdiction over the second amended complaint, if at all, only by virtue of its relationship to Faircloth's previously-asserted federal claims under the supplemental jurisdiction provided by 28 U.S.C. § 1367(a).[2] Under subsection (c) of that statute, however, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if," among other reasons, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The parties are therefore ORDERED TO SHOW CAUSE why the Court should take the unusual approach of retaining jurisdiction over Faircloth's remaining state law claim and should not instead remand the case to state court. The parties are ORDERED to confer no later than April 24, 2020 to determine whether either party believes the case should remain in this Court. If both parties agree that the case should be remanded, they shall file a joint statement to that effect no later than April 27, 2020. If either or both parties oppose remand, they shall address the issue in the opposition brief and reply brief that remain to be filed on AR Resources' present motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 20, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] Although AR Resources' present motion seeks dismissal based on federal preemption, a federal defense does not establish federal question jurisdiction under 28 U.S.C. § 1331. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).