1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7    JAMES FAIRCLOTH,                          Case No. 19-cv-05830-JCS
          Plaintiff,
8
9    v.                                        **ORDER GRANTING MOTION TO
                                               DISMISS WITH PREJUDICE AND
10   AR RESOURCES, INC.,                       DENYING DEFENDANT'S MOTION
                                               FOR SANCTIONS**
          Defendant.
11                                             Re: Dkt. Nos. 41, 49
12

13   **I.    INTRODUCTION**

14        Plaintiff James Faircloth brings this action against Defendant AR Resources, Inc. for

15   alleged violations of the California Consumer Credit Reporting Agencies Act ("CCRAA," Cal.

16   Civ. Code § 1785.1 *et. seq.*).  Defendant moves to dismiss Plaintiff's Second Amended Complaint,

17   and for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  The Court finds these

18   matters suitable for resolution without oral argument and without further briefing on the motion

19   for sanctions, and VACATES the hearings set for May 29, 2020 and July 10, 2020.  For the

20   reasons stated below, the motion to dismiss is GRANTED and the case is DISMISSED WITH

21   PREJUDICE.  The motion for sanctions is DENIED.[1]

22   **II.   BACKGROUND**

23        **A.    Procedural History**

24        This case was removed from California Superior Court in and for the County of Contra

25   Costa because the original complaint alleged violations of the federal Fair Debt Collection Act and

26   the Fair Credit Reporting Act ("FCRA").  Notice of Removal (dkt. 1) ¶¶ 1–3.  Plaintiff filed the

27   _____

28   [1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28
     U.S.C. § 636(c).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    First Amended Complaint ("FAC," dkt. 14) on November 12, 2019.  Defendant moved to dismiss

2    the FAC on November 26, 2019.  Motion to Dismiss FAC (dkt. 21).  The Court granted the

3    motion to dismiss the FAC with leave to amend on February 19, 2020.  Order Granting Motion to

4    Dismiss (dkt. 32).[2]  Plaintiff filed the Second Amended Complaint ("SAC," dkt. 35) on March 20,

5    2020 alleging only violations of the California Credit Reporting Agencies Act ("CCRAA").

6    Defendant moves once again to dismiss, and the Court also issued an order to show cause why the

7    case should not be remanded to state court for lack of subject matter jurisdiction.  Order to Show

8    Cause ("OSC," dkt. 42).

9         **B.    The Second Amended Complaint**

10        Plaintiff is a "debtor" and "consumer" who resides in Contra Costa County, California.

11   SAC ¶ 2 (citing Cal. Civ. Code § 1788.2(b)).  Defendant is an "information furnisher" who

12   "regularly provid[es] information to consumer reporting agencies."  *Id*. ¶ 3 (quoting Cal Civ Code

13   § 1785.3(j)) (internal quotation marks omitted).  The SAC also names ten Doe Defendants, whose

14   names "are currently unknown to Plaintiff" but who Plaintiff alleges are "legally responsible for

15   the unlawful acts alleged herein."  *Id*. ¶ 5.

16        Plaintiff alleges that "Defendant reported false and derogatory information on Plaintiff's

17   credit report alleging a fabricated debt."  *Id*. ¶ 7.  According to Plaintiff, he received emergency

18   medical treatment at San Ramon Regional Medical Center on March 21, 2018, for which he was

19   billed $1,026.00.  *Id*. ¶ 8.  Plaintiff's insurance paid $975.80, leaving Plaintiff responsible for the

20   $50.20 balance.  *Id*.  Plaintiff alleges that Defendant reported the outstanding debt to credit

21   agencies on June 21, 2018, without first notifying Plaintiff.  *Id*. ¶ 9–10.  Defendant sent Plaintiff a

22   letter dated July 2, 2018 notifying him of the debt, which Plaintiff alleges he received on July 14,

23   2018.  *Id*. ¶ 11.  Plaintiff claims that "the letter was mailed after Defendant had [al]ready reported

24   to Plaintiff's consumer credit report."  *Id*.  Plaintiff alleges he disputed the debt on July 16, 2018,

25   and that he received "requested information" from Defendant on September 21, 2018.  *Id*. ¶ 12.

26        Plaintiff claims that Defendant's actions violated the CCRAA, Cal. Civ. Code

27

28   _____
     [2] *Faircloth v. AR Res., Inc.*, No. 19-cv-05830-JCS, 2020 WL 820307 (N.D. Cal. Feb. 19, 2020).

§ 1785.26(b), which provides: "A creditor may submit negative credit information concerning a consumer to a consumer credit reporting agency, only if the creditor notifies the consumer affected." *Id*. ¶ 21 (quoting Cal. Civ. Code § 1785.26(b)).  Ultimately, Plaintiff alleges that "Defendant knowingly and willfully violated CCRAA" when it submitted information about the debt to credit agencies without notifying Plaintiff, which Plaintiff claims violates California Civil Code sections 1785.26(a)(2) and (b); when it did not properly investigate and review his dispute, which Plaintiff claims violates Civil Code section 1785.25(f); and when it continued to disseminate negative credit information related to the debt without notifying credit agencies that Plaintiff had disputed the debt, which Plaintiff alleges violates Civil Code section 1785.25(c).  *Id*. ¶ 26.

## III.    ORDER TO SHOW CAUSE

### A.    The Parties' Arguments

Because all the federal causes of action were dismissed and Plaintiff did not reassert them in his present complaint, the Court ordered the parties to show cause why the Court should not remand the case for lack of subject matter jurisdiction.  OSC at 2.  In response, Plaintiff argues that the only potential basis for the Court to retain jurisdiction over this case is to exercise diversity jurisdiction under 28 U.S.C. § 1332, but that the requirements for such jurisdiction are not met.  Pl.'s Response to OSC (dkt. 43) at 2.  While he does not contest that the parties are diverse, Plaintiff argues Defendant has not met its burden to show that the amount in controversy exceeds $75,000.  *Id*. at 3.  Plaintiff claims that he is seeking $15,000 in statutory damages, leaving a $60,000 gap between the damages at stake and the amount in controversy required for diversity jurisdiction.  *See id*. at 4 (stating that Plaintiff "seeks a maximum of $15,000 in statutory damages").  According to Plaintiff, Defendant is required to provide "summary judgment type evidence" to show, by preponderance of the evidence, that attorney's fees will exceed the additional $60,000 required to meet the amount in controversy.  *Id*. (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795–96 (2018)).  Because Defendant had at that time not provided any evidence supporting its contention that attorney's fees will increase the amount in controversy beyond the

jurisdictional minimum, Plaintiff argues, the case should be remanded back to California state court.

Defendant responded to the OSC in its Reply (dkt. 46).  It argues that the Court has diversity jurisdiction over this matter because the parties are completely diverse, Reply at 1 n.1, and because the amount in controversy exceeds $75,000, *id*. at 1.  According to Defendant, the Court should calculate the amount in controversy based on the maximum amount recoverable under the statute.  *Id*. at 2–3 (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018); *Fritsch*, 899 F.3d at 795; *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)).  Defendant looks to the CCRAA, which authorizes a maximum of $5,000 per alleged violation.  *Id*. at 3.  Because the SAC alleges three violations of the CCRAA, Defendant claims, the maximum amount Plaintiff can recover under the statute is $15,000.  *Id*. (citing SAC ¶¶ 26–27).

To reach the amount in controversy, Defendant argues that the Court should include attorney's fees in its calculation, because the CCRAA authorizes victorious parties to recover attorney's fees.  *Id*. at 1, 3 (citing 28 U.S.C. § 1332(a)(1); *Chavez*, 888 F.3d at 414–15; *Lopez v. CIT Bank, N.A.*, No. 15-cv-00759-BLF, 2016 WL3163175, at *3 (N.D. Cal. Jun. 7, 2016)).  Defendant points to Ninth Circuit precedent stating that, for jurisdictional purposes, attorney's fees should be calculated using the "lodestar method" by which courts multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Id*. (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)).

Defendant provides a list of the tasks it expects Plaintiff's counsel has undertaken or will undertake related to this action.  *Id*. at 4–5.  Based on counsel's past billing rates, Defendant expects attorney's fees in this case to exceed the $60,000 required beyond the statutory damages to exceed the jurisdictional minimum.  *Id*. (citing Campbell Decl. (dkt. 46-1) ¶¶ 6–7).  In a declaration, Defendant's attorney R. Travis Campbell reproduces the list of tasks Plaintiff's counsel has or will likely undertake and estimates that Plaintiff's counsel will spend "**no less than** 161 hours in attorney's fees in connection with litigating Plaintiff's claims through trial."  Campbell Decl. ¶ 6.  He estimates that such hours will lead to attorney's fees over $60,000.  *Id*. ¶

4

7.  Campbell attached a copy of emails between the parties where Plaintiff's counsel declined to stipulate to a damages cap under the jurisdictional threshold and expressed that they "reasonably expect this case will go to trial, incurring substantial costs and fees," and that Plaintiff's counsel "are not prepared to cap those unnecessarily." *Id*. ¶ 10 & Ex. 1.  Between the attorney's fees and statutory damages, Defendant argues, the amount in controversy exceeds $75,000; accordingly, it argues, the requirements for diversity jurisdiction are met.

Defendant also includes a declaration of Plaintiff's attorney Todd M. Friedman submitted in another case detailing his legal education and experience and those of his co-counsel, Adrian Bacon.  Request for Judicial Notice (dkt. 46-2) Ex. A.  According to this declaration, submitted on November 19, 2018, Mr. Friedman's billing rate was $725 per hour and Mr. Bacon's billing rate was $625.  *Id*. ¶ 41; *see also* Reply at 3.  Defendant asserts that these two declarations are enough to show by preponderance of the evidence that attorney's fees will exceed $60,000 and, consequently, that the $75,000 amount in controversy requirement is met.  Reply at 4.

**B.    The Court Has Diversity Jurisdiction Over This Case Because the Parties Are Completely Diverse and the Amount in Controversy Exceeds $75,000**

The parties do not contest that the requirement of complete diversity is satisfied.  Reply at 1 n.1; *see also* Civil Cover Sheet (dkt. 1-2) (checking a box indicating that Defendant is "Incorporated *and* Principal Place of Business In Another State").  In addition, Defendant has shown by preponderance of the evidence that the amount in controversy will exceed $75,000.  Accordingly, the Court has jurisdiction over the present matter under 28 U.S.C. § 1332.

In the Ninth Circuit, "the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover."  *Arias*, 936 F.3d at 927.  This includes attorney's fees when, as here, the statute permits the prevailing party to recover them.  *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201 (1933); *Fritsch*, 899 F.3d at 794; *see also* Pl's Response to OSC at 3 ("Plaintiff does not dispute that attorneys' fees can be taken into account in determining the amount in controversy if a statute [or contract] authorizes fees to a successful litigant." (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (internal quotation marks omitted))).  The party seeking removal (or, here, opposing remand) bears the burden of showing,

1    by preponderance of the evidence, that the amount in controversy exceeds the jurisdictional

2    threshold. *Chavez*, 888 F.3d at 414–15.

3         Defendant provided a detailed list of the tasks it expects Plaintiff's attorney to undertake in

4    its work on the case through trial, which includes reasonable estimates of the time that such tasks

5    might require.  Reply at 4–5; Campbell Decl. ¶ 6.  The total amount of time to prosecute the case

6    estimated in Campbell's declaration comes to 186 hours, *see* Campbell Decl. ¶ 6, which would

7    exceed $60,000 at a billing rate of only $325 per hour.  Defendant also provided a declaration

8    from one of Plaintiff's attorneys listing his hourly rate and the rate of his partner, both of which

9    greatly exceed that amount.  *Id.* (citing Request for Judicial Notice Ex. A).  At least one court in

10   this district has found such declarations meet the preponderance of the evidence standard for

11   subject matter jurisdictional purposes.  *See Ramirez v. Benihana Nat'l Corp.*, No. 18-CV-05575-

12   MMC, 2019 WL 131843, at *2 (N.D. Cal. Jan. 8, 2019) (finding declarations from attorneys'

13   previous case was "adequate" evidence).  The Court is also convinced that the level of detail in the

14   Campbell Declaration's accounting of attorneys' tasks in the case satisfies the evidentiary

15   requirement.  *See* Campbell Decl. ¶ 6.  Accordingly, Defendant has met its burden and established

16   that Plaintiff could reasonably be expected to recover attorney's fees exceeding $60,000 if the case

17   proceeded through trial and, when those fees are added to the $15,000 that Plaintiff seeks in

18   statutory damages, that the amount in controversy requirement is satisfied and the Court has

19   diversity jurisdiction over this case.

20   ## IV.    DEFENDANT'S MOTION TO DISMISS THE SAC

21   ### A.    The Parties' Arguments

22        Defendant's present motion argues primarily that Plaintiff's claims under the CCRAA

23   must be dismissed as preempted by the FCRA.  Defendant also contends that aspects of Plaintiff's

24   complaint do not include sufficient factual allegations to plausibly state a claim on which relief

25   may be granted.  This order addresses the parties' arguments on those two issues in turn.

26   #### 1.    Federal Preemption

27        Defendant argues that Plaintiff's CCRAA claim, which arises under sections 1785.26(b),

28   1785.25(f), and 1785.25(c) of the Civil Code, is preempted by the federal FCRA and its express

United States District Court
Northern District of California

preemption provision.  Mot. at 4 (citing 15 U.S.C. § 1681t(b)(1)(F)).  Defendant points to *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 888–89 (9th Cir. 2010), where the Ninth Circuit held that the FCRA's express preemption clause preempts all claims brought under the CCRAA that concern conduct regulated under 15 U.S.C. § 1681s-2, except for those brought under section 1785.25(a).  *Id.* (citing *Carvalho*, 629 F.3d at 888–89; 15 U.S.C. § 1681t(b)(1)(F)).  Defendant argues that all the sections under which Plaintiff brings his claims "are identical to those mandated by section 1681s-2 of the FCRA" and are therefore preempted by the federal law.  *Id.*

First, Defendant argues that each of the Plaintiff's claims under the CCRAA is preempted by its federal equivalent in the FCRA.  *Id.* at 4.  According to Defendant, Plaintiff's claim under section 1785.26(b) regarding notice of reporting negative credit information to credit bureaus is identical to a claim brought under § 1681s-2(a)(7), which provides no private right of action, and is therefore preempted by that section.  *Id.* at 4–5 (citing 15 U.S.C. § 1681s-2(a)(7)).  Defendant cites cases from this circuit where courts have found section 1785.26(b) claims preempted by § 1681s-2(a)(7) because the two provisions imposed identical requirements.  *Id.* (citing *Tuck v. Portfolio Recovery Assocs., LLC*, No. 19-CV-1270-CAB-AHG, 2019 WL 6497758, at *2 (S.D. Cal. Dec. 3, 2019); *Kayan v. Asset Acceptance, LLC*, No. CV12-03610-JGB-FMO, 2013 WL 12415355, at *3 (C.D. Cal. Apr. 24, 2013); *Oganyan v. Square Two Fin.*, No. CV 11-10226 RGK (VKB), 2012 WL 3656355, at *4 (C.D. Cal. Aug. 24, 2012)).

Defendant makes the same argument about Plaintiff's CCRAA claim under section 1785.25(f) regarding Defendant's behavior after Plaintiff disputed the debt; it argues that this claim is preempted by its federal analogue in § 1681s-2(b).  *Id.* at 6 (citing *Gugger v. USAA Fed. Sav. Bank*, No. 17-cv-1518-AJB-AGS, 2017 WL 5552254, at *4–5 (S.D. Cal. Nov. 17, 2017); *Fair v. Experian Info. Sols., Inc.*, Nos. C 16-5712 CW et al., 2017 WL 1164225, at *8 (N.D. Cal. Mar. 29, 2017)).

Finally, Defendant argues that Plaintiff's CCRAA claim under section 1785.25(c), alleging that Defendant continued to report the debt to credit reporting agencies without notifying them that Plaintiff disputed the debt, is preempted by § 1681s-2(a)(3) of the federal law.  *Id.* at 6–7 (citing

7

1  Cal. Civ. Code § 1785.25(c); 15 U.S.C. § 1681s-2(a)(3); *Wang v. Asset Acceptance, LLC*, 681 F.

2  Supp. 2d 1143, 1147–48 (N.D. Cal. 2010); *Marseglia v. JP Morgan Chase Bank*, No. 09-cv-2857

3  JAH(RBB), 2011 WL 13134334, at \*4–5 (S.D. Cal. Aug. 3, 2011)).

4          Plaintiff counters by asserting that his primary CCRAA claim arises out of section

5  1785.25(a), which is not preempted by the FCRA.  Opp'n (dkt. 41) at 4.  He argues that the FCRA

6  only preempts those parts of the CCRAA that are inconsistent with federal laws, and only to the

7  extent that those laws are inconsistent.  *Id*. at 4–5 (citing *Sanai v. Saltz*, 170 Cal. App. 4th 746

8  (2009); 15 U.S.C. § 1681(t)(b)).  He argues that "Defendant's own caselaw supports the

9  contention that 1785.25(a) is expressly excluded from pre-emption."  *Id*. at 5 (citing Mot. at 1).

10  According to Plaintiff, the FCRA's preemption clause only applies to those parts of the CCRAA

11  that concern "any subject matter regulated under" § 1681t(b)(1), which does not include section

12  1785.25(a).  *Id*. (quoting 15 U.S.C. § 1681(t)(b)(1)).  He further argues that the FCRA only

13  preempts those sections of the CCRAA that are inconsistent with federal law and only may not

14  "exclude more law than is necessary to alleviate the inconsistency" with federal law.  *Id*. at 5–6

15  (citing 15 U.S.C. § 1681t(b)(1)(a)).  Because Plaintiff's claims are brought under California Civil

16  Code section 1785.25(a) and are not inconsistent with federal law, he argues, they are not

17  preempted.

18          In response, Defendant points to cases where district courts have held that allegations that

19  a defendant failed to notify credit reporting agencies are treated like claims under Civil Code

20  sections 1785.26(b), 1785.25(c), and 1785.25(f) and are therefore preempted by the FCRA

21  regardless of their label.  Reply at 7 (citing *Wang*, 681 F. Supp. 2d at 1147–48; *Marseglia*, 2011

22  WL 13134334, at \*4–5).  As in those cases, he argues, this Court should find Plaintiff's failure to

23  notify claim to be preempted as well, regardless of whether Plaintiff attempts to frame it as a claim

24  under section 1785.25(a).  *Id*.

25          **2.  Sufficiency of the SAC**

26          In addition to preemption, Defendant argues that the allegations in the SAC do not state a

27  claim under the CCRAA because, as the Court found in its Order granting the motion to dismiss

28  the FAC, Plaintiff has not pleaded that the information Defendant reported to the credit agencies

United States District Court
Northern District of California

1   was false. Mot. at 2 (citing SAC ¶¶ 7–12). According to Defendant, the only parts of the SAC

2   that are well-pleaded fall under those provisions of the CCRAA that are preempted by the FCRA,

3   relating to obligations distinct from section 1788.25(a)'s prohibition against reporting false or

4   incomplete information. *Id*. at 3–4 (citing SAC ¶ 26).

5        Plaintiff argues that the SAC states a claim under section 1785.25(a) because he alleges

6   that Defendant reported incorrect credit information when it reported a debt that Plaintiff claims is

7   fabricated, and incomplete information when it failed to report Plaintiff's dispute to credit

8   reporting agencies. Opp'n at 3; *see also* SAC ¶ 7 (describing the debt as "fabricated"). Plaintiff

9   further argues that the SAC also alleged that Defendant knew or should have known that the

10   information it provided to the credit reporting agencies was inaccurate or incomplete. *Id*. at 4; *see*

11   *also* SAC ¶¶ 26–27 (alleging that Defendant acted "knowingly and willfully").

12   **B.    Legal Standard Under Rule 12(b)(6)**

13        A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure

14   for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss

15   under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp.*

16   *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage

17   is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which

18   sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing

19   that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

20        In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and

21   takes "all allegations of material fact as true and construe[s] them in the light most favorable to the

22   non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

23   Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that

24   would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

25   1990). A complaint must "contain either direct or inferential allegations respecting all the material

26   elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v.*

27   *Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

28   1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

1   of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

2   (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion

3   couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

4   265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

5   'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)

6   (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the

7   plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable

8   inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S.

9   at 570).

10  ### C.    Preemption of Plaintiff's Claims

11         The federal FCRA expressly "preempts most state laws concerning the duties of persons

12  who furnish information to [credit reporting agencies]," including many provisions of the

13  CCRAA. *Huizar v. Wells Fargo Bank, N.A.*, 257 F. Supp. 3d 1103, 1107 (E.D. Cal. 2017); *see* 15

14  U.S.C. § 1681t(b)(1)(F) (preempting state laws "with respect to any subject matter regulated under

15  . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information

16  to consumer reporting agencies"). However, section 1785.25(a) is expressly excluded from the

17  FCRA's preemption provision. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1169 (9th

18  Cir. 2009); *see also Carvalho*, 629 F.3d at 888 (noting that the FCRA "also expressly saves from

19  preemption section 1785.25(a) of the California Civil Code" (citing 15 U.S.C.

20  § 1681t(b)(1)(F)(ii))). That section provides that "[a] person shall not furnish information on a

21  specific transaction or experience to any consumer credit reporting agency if the person knows or

22  should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

23         Plaintiff argues "[t]he primary claim, the whole of Plaintiff's complaint as identified in the

24  first paragraph, stems from CCRAA § 1785.25(a)" and is therefore not preempted. Opp'n at 3;

25  *see also* SAC ¶ 1 ("This is an action for damages brought by an individual consumer for

26  Defendant's violations of the California Consumer Credit Reporting Agencies Act, California

27  Civil Code § 1785.25 (a)"). The SAC alleges that Defendant violated three specific sections of the

28  CCRAA. SAC ¶ 26. First, Plaintiff alleges Defendant's conduct ran afoul of section

United States District Court
Northern District of California

10

1   1785.26(a)(2), which is not preempted because the FCRA specifically exempts that statute from

2   preemption.  *Id.*

3          However, Plaintiff also alleges Defendant violated section 1785.25(f), which is preempted.

4   *See Carvalho,* 629 F.3d at 889 ("Because section 1785.25(a) is the only substantive CCRAA

5   furnisher provision specifically saved by the FCRA, Carvalho's section 1785.25(f) claim is

6   preempted.").  Plaintiff's claims under section 1785.25(c), which is also not exempted in the

7   express preemption provision and concerns conducted regulated by 15 U.S.C. § 1681s1-2, and

8   section 1785.26(b), are similarly preempted by the FCRA.  *See Farrell v. Portfolio Recovery*

9   *Assocs.*, No. CV 14-03941 RGK, 2014 WL 7745881, at *4 (C.D. Cal. Sept. 19, 2014) (holding

10  that claims under section 1785.25(c) are not exempt from preemption and regulate conduct found

11  in § 1681s1-2); *Oganyan*, 2012 WL 3656355, at *4 ("Because California Civil Code § 1785.26(b)

12  requires creditors to provide notification prior to reporting negative information and

13  § 1681s-2(a)(7) has a similar requirement, § 1785.26(b) is preempted by the [FCRA].").

14         Plaintiff's argument that the Court should consider whether those provisions are

15  "inconsistent" with the FCRA neglects that they are governed by the FCRA's express requirement

16  that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect

17  to any subject matter regulated under . . . section 1681s-2 of this title, relating to the

18  responsibilities of persons who furnish information to consumer reporting agencies"—except for

19  two expressly exempted state laws, section 1785.25(a) and a Massachusetts statute not at issue

20  here.  *See* 15 U.S.C. § 1681t(b).  As the Ninth Circuit has recognized, the express preemption

21  provisions of § 1681t(b) serve as "exceptions" to the "general rule" that the FCRA only preempts

22  state laws inconsistent with the FCRA's substantive terms.  *Gorman*, 584 F.3d at 1166.  Because

23  sections 1785.25(c), 1785.25(f), and 1785.26(b) are governed by § 1681t(b), the Court need not

24  consider whether they conflict with any other term of the FCRA.  Accordingly, while Plaintiff's

25  claim under section 1785.25(a) is not preempted by the FCRA, his allegations that Defendant

26  violated sections 1785.25(c), 1785.25(f), and 1785.26(b) are preempted.

27  **D.      Sufficiency of Allegations Regarding Section 1785.25(a)**

28         The remaining claim under the CCRAA that is not preempted by the FCRA arises under

United States District Court
Northern District of California

11

section 1785.25(a), which provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Plaintiff alleges in the SAC that Defendant violated section 1785.25(a) in two ways: first by reporting a debt that Plaintiff claims does not exist and secondly by failing to notify credit reporting agencies that the debt was in dispute. Opp'n at 3; *see also* SAC ¶ 26. For different reasons, neither of these allegations are sufficient to state a claim for relief under section 1785.25(a). Therefore, Defendant's motion to dismiss is GRANTED, and the complaint is DISMISSED.

### 1. Plaintiff's Allegation that Defendant Violated the CCRAA by Not Reporting the Dispute Is Not Cognizable Under Section 1785.25(a)

Courts in this circuit have held that a defendant's failure to notify credit reporting agencies of a dispute is not "incomplete or inaccurate" information of the the type prohibited by section 1785.25(a), because it falls squarely within section 1785.25(c)'s requirement that where a customer has consumer a debt, "the person may not furnish the information to any consumer credit reporting agency without also including a notice that the information is disputed by the consumer," *see* Cal. Civ. Code § 1785.25(c). In *Wang*, 681 F. Supp. 2d at 1148, for example, the court considered the plaintiff's argument that the defendant's failure to notify a credit reporting agency about a dispute stated a claim under section 1785.25(a). Based on principles of statutory interpretation under California law, the court held that it did not:

> [T]he general obligation in section 1785.25(a) not to furnish [credit reporting agencies] with incomplete or inaccurate information cannot have been intended to include the obligation to notify [credit reporting agencies] of disputed debts. Otherwise, section 1785.25(c) would be superfluous and unnecessary. . . . Since Wang's claim, when properly construed, arises under section 1785.25(c) of the CCRAA, and since this provision is preempted by the FCRA, the Court must dismiss Wang's second cause of action.

681 F. Supp. 2d at 1147–48; *see also Marseglia*, 2011 WL 13134334, at *4–5 (quoting and following *Wang*). Plaintiff does not address these cases, despite Defendant's reliance on them in its motion. *See* Mot. at 7; *see generally* Opp'n. The Court is persuaded by this reasoning and holds Plaintiff's allegation that Defendant did not notify credit reporting agencies about the

12

1   dispute does not state a claim under section 1785.25(a), but instead must be construed as a claim

2   under section 1785.25(c), which is preempted as discussed above.

3               **2.   Plaintiff Has Not Cured the Defects In His Previous Pleading Regarding the**
                     **Status of the Debt**
4

5           Plaintiff's other allegation under section 1785.25(a) is also deficient.  Plaintiff has not

6   cured the defect that led the Court to dismiss the FAC.  In the order granting Defendant's motion

7   to dismiss the FAC, the Court held:

8                   Plaintiff does not allege that any of the information Defendant
                    reported was false.  He does not allege that he paid the debt, and he
9                   admits to receiving the services at San Ramon Regional Medical
                    Center and incurring a $50.20 outstanding debt. Without that
10                  information, the allegation that the debt is "fabricated" is the type of
                    "'naked assertion[]' devoid of 'further factual enhancement'" that
11                  *Iqbal* finds inadequate at the pleading stage.

12  Order Granting Motion to Dismiss the FAC at 14 (internal citations omitted).  Although the Court

13  granted leave to amend to cure that defect, Plaintiff has not pleaded any additional facts and

14  continues to refer to the debt as "fabricated" without any other details or allegations as to why that

15  conclusory label applies.  *Compare* SAC ¶ 7 ("Defendant reported false and derogatory

16  information on Plaintiff's credit report alleging a fabricated debt.") *with* FAC ¶ 7 ("Defendant

17  reported false and derogatory information on Plaintiff's credit report alleging a fabricated debt.").

18  The Court finds this allegation inadequate in the SAC for the same reasons it was inadequate in

19  the FAC.

20          **E.   Dismissal with Prejudice**

21          Because Plaintiff has not cured the defects the Court identified in the FAC, the Court

22  dismisses the case with prejudice.  In the Ninth Circuit, "[f]ive factors are frequently used to

23  assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to

24  the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended

25  his complaint."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon*

26  *Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).  In *Allen*, the Ninth

27  Circuit upheld a district court decision to dismiss a claim with prejudice based on the final two

28  factors.  *Id.*  The Court looks to the same two factors here: Plaintiff's repeated failure to plead

United States District Court
Northern District of California

13

United States District Court
Northern District of California

additional facts beyond his conclusory assertion that the debt was fabricated suggests that additional amendment would be futile; in addition, as explained above, the factual claim in the SAC is identical to the claim the Court found deficient in the FAC even though this is Plaintiff's second attempt to amend.  *See generally* SAC ¶ 7 (describing the debt as "fabricated" but not specifying whether he paid the debt).  Therefore, Plaintiff's second amended complaint is DISMISSED WITH PREJUDICE.

## V.    DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

Defendant filed a motion to sanction Plaintiff under Rule 11 of the Federal Rules of Civil Procedure for filing claims that, according to Defendant, "are clearly preempted by binding precedent."  Motion for Sanctions (dkt. 49) at 7–8 (citing *Kuroiwa v. United States*, 351 F. App'x 238 (9th Cir. 2009); *Shepard-Hall v. Gordon & Wong Law Grp. PC*, No. 2:16-CV-01361-MCE-GGH, 2017 WL 2654855 (E.D. Cal. June 20, 2017)).  Defendant argues that Plaintiff's claims under the CCRAA are preempted and that, by asserting these claims, Plaintiff's attorneys either failed to conduct necessary diligent research or acted strategically and improperly.  *Id.* (citing *Carvalho*, 629 F.3d at 888–89).  However, neither *Carvalho* nor any other Ninth Circuit precedent of which this Court is aware announces a rule directly addressing the issue of whether a cause of action brought under section 1785.25(a) but concerning conduct regulated by another substantive area of the CCRAA is automatically preempted by the FCRA.  Although, as discussed above, the Court is persuaded by district court authority holding that such claims are preempted, and therefore concludes that the SAC is subject to dismissal, the Court does not find the SAC to be frivolous, baseless, or presented for an improper purpose.  *See* Fed. R. Civ. P. 11(b)(1)–(3) (listing situations in which Rule 11 sanctions are appropriate).  Accordingly, Defendant's motion for sanctions under Rule 11 is DENIED.

## VI.    CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiff's second amended complaint is GRANTED and the case is DISMISSED with prejudice.  Defendant's motion for

/ / /

/ / /

sanctions under Rule 11 of the Federal Rules of Civil Procedure is DENIED.  The Clerk shall enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated: May 27, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge